| .FITZSIMMONS, J.
On April 15, 1996, Antonio Crespo was attempting to cross State Highway 74, when he was struck by the front bumper of a pick-up truck driven by Shannon Mouton. Antonio Crespo, who was fourteen years old, died at the scene of the accident. Mr. Mouton was employed as a crane operator by- B & G Crane Service, Inc. He was driving home from work at a job site at Rubicon, Inc. when the accident occurred.
Antonio Crespo’s mother, Maryann Crespo, filed suit for damages, individually and on behalf of her deceased son. She named the following as defendants: Shannon Mouton; Louisiana Farm Bureau Federation & Insurance Company, Mr. Mouton’s personal liability insurer; B & G Crane Service, Inc.; and The Gray Insurance Company, B & G’s liability insurer. A settlement was reached prior to trial with Mr. Mouton and Louisiana Federation & Insurance Company. The litigation at trial involved the issues of liability and whether Mouton was in the course and scope of his employment at the time of the accident.
Although the plaintiff had requested a jury trial, the trial court determined the course and scope issue. He ruled that Mr. Mouton was acting in the course and scope of his employment. The jury, thereafter, handed down a verdict in favor of Mrs. Crespo, assessing seventy percent fault to Mouton and thirty percent fault to Antonio Crespo.
On this appeal, the disposition of the assignment of error involving Mr. Mouton’s course and scope of employment, at the time of the incident, pretermits the necessity of addressing the remaining assignments of error submitted. After a thorough review of the record and the evidence contained therein, we reverse the court’s finding that the incident transpired while Mr. Mouton was in the course and scope of his employment.
COURSE AND SCOPE OF EMPLOYMENT
Toward the end of the trial, the judge excused the jury, and he advised counsel that he would be the fact-finder on the *876 issue of course and scope of employment. At the conclusion of the presentation of evidence by both parties, the judge ruled that Mr. Mouton was in the course and scope of his employment. He assigned great weight to the fact that a magnetic sticker was on Mr. Mouton’s vehicle, and to his conclusion that Mr. Mouton was getting paid at the time the accident occurred. No objection was made at any time during the presentation of evidence on course and scope outside the presence of the jury. Pretermitting the issues of the propriety of the court to determine course and scope, ex parte, in a non-worker’s compensation claim, and/or |3whether any procedural error on the part of the judge would be waived by the failure of opposing counsel to present an objection thereto, this court notes that the trial court committed manifest error in its finding. Thus, without addressing the rectitude of the jury’s attribution of fault to Mr. Mouton, the trial court decision is flawed because Mr. Mouton was not operating within the course and scope of his employment.
The general law establishes that an employer is not responsible for the negligent acts of an employee who is trav-elling home from work. Brown v. Coastal Construction & Engineering, Inc., 96-2705, p. 3 (La.App. 1st Cir.11/7/97); 704 So.2d 8, 10. Mr. Mouton had left the job-site for the day, and he was en route to his residence, in his personal vehicle, when the accident occurred. He was not being paid in any fashion for his travel time. The purpose of his travel was unrelated to the performance of one of the duties of the employment, other than to return home from work at the end of the day.[1]
Even if one were to attribute significance to the actual minute that Mr. Mouton “clocked-out” with his swipe card at the Rubicon, Inc. plant, the trial judge clearly erred when he mistakenly recalled and emphasized that Mr. Mouton had stated that the accident occurred “at 8:00 o’clock.” The record is unequivocal that Mr. Mouton testified that he checked out a few minutes prior to 8:00 p.m ., and that the accident happened “just after 8:00.” The ambulance dispatch was recorded as 8:09 p.m. The police report was documented as 8:10 p.m. The only testimony that the incident occurred prior to 8:00 p.m. was by the victim’s mother, who recalled that she received the telephone call advising her of the accident during a television program that did not end until 8:00 p.m.
The operative consideration, in course and scope questions, embraces the issue of an employer’s responsibility for damage occasioned by his servant in the exercise of the functions in which the servant is employed. La. C.C. art. 2320. The dispute over whether Mr. Mouton signed out a few minutes early, and might have thereby received a slightly increased payment because he did not leave at exactly 8:00 p.m., begs the question of whether his actions related to the course and scope of his employment. If Mr. Mouton had left a few minutes after 8:00 p.m., the Rubicon, Inc. policy similarly dictated that he would have only been paid until 8:00 p.m. Had an accident occurred while Mr. Mouton was still physically at the plant at 8:01 p.m., it |4would be fatuous to interpret the incident to have been unrelated to his employment because it occurred after 8:00 p.m. In the instance sub judice, irrespective of the practical policies related to bookkeeping, once Mr. Mouton left the work-site for the day, he was no longer answerable to his employer. The employment relationship had been suspended from the time that the employee left his work to go home until he resumed his work. Brown, 96-2705, p. 3; 704 So.2d at 10.
The several basic tools that Mr. Mouton retained in his personal truck were not a requirement for the job. He voluntarily carried them because they afforded him an *877 advantage over the other employees. Additionally, the policy of B & G Crane Service, Inc. dictated that the detachable stickers, that were required to be placed on vehicles entering the various job-sites, be removed from the doors of employees’ trucks upon the departure from the job site premises. On the evening of the accident, Mr. Mouton had failed to remove one of the two magnetic stickers because it was difficult to reach as he was pulling out of the Rubicon, Inc. site. Such an omission fails to create a substantial relationship to his employment duties at the time of the accident.
Mr. Mouton’s return home from work was not so closely related in time, place, and causation to the employment duties of the employee that it constituted a risk of harm attributable to the employer’s business. LeBrane v. Lewis, 292 So.2d 216, 218 (La.1974). Clearly, this activity of travelling home by Mr. Mouton fell outside the parameters of the course and scope of his employment. Accordingly, the trial court determination that Mr. Mouton was operating within the course and scope of his employment is reversed. Costs associated with this appeal are assessed to Maryann Crespo.
REVERSED.

. See Brown, 96-2705, at p. 3; 704 So.2d at 10 for a discussion of the jurisprudentially established exceptions to the "going and coming” rule.